Lon J. Dale, Esq.
Liesel Shoquist, Esq.
MILODRAGOVICH, DALE
& STEINBRENNER, P.C.
620 High Park Way
P.O. Box 4947
Missoula, Montana 59806-4947
(406) 728-1455
(406) 549-7077  fax
lon@bigskylawyers.com
lshoquist@bigskylawyers.com
   *Attorneys for Plaintiff*

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MONTANA

MISSOULA DIVISION

| | |
|---|---|
| LAWRENCE V. BUTLER, | Cause No. |
| Plaintiff, | **COMPLAINT and DEMAND FOR JURY TRIAL** |
| -vs- | |
| SAN DIEGO PINECONE, LTD., A CALIFORNIA LIMITED PARTNERSHIP; RANDEL L. PERKINS; JEFFREY A. EDWARDS AND TRICIA A. EDWARDS, | |
| Defendants. | |

COMES NOW Plaintiff Lawrence V. Butler, by and through

undersigned counsel, and for his cause of action against the Defendants, claims and alleges as follows:

## PARTIES

1. Plaintiff Lawrence V. Butler ("Plaintiff Butler"), is a Canadian citizen and a permitted resident of Hailey, Blaine County, Idaho at all times relevant to this matter.

2. Defendant San Diego Pinecone, Ltd., upon information and belief, is a California limited partnership.

3. Upon information and belief, Defendant Randel L. Perkins is Chief Financial Officer of San Diego Acorn Enterprises, Inc., the sole General Partner of Defendant San Diego Pinecone, Ltd., and a part-time resident of Whitefish, Flathead County, Montana, and a citizen of the State of California.

4. Defendants Jeffrey A. Edwards and Tricia A. Edwards are individuals and, upon information and belief, are residents of Whitefish, Flathead County, Montana, and citizens of the State of Montana.

## JURISDICTION and VENUE

5. Plaintiff realleges Paragraphs 1-5 above, as though fully set forth herein.

6. The amount at issue in this matter exceeds Seventy-Five Thousand and no/100 Dollars ($75,000.00).

7. Jurisdiction is appropriate in this Court based on diversity of citizenship of the parties. 28 U.S.C. § 1332.

8. The parties have contracted and stipulated to the jurisdiction of state or federal courts in Missoula, Montana as the appropriate venue for an action involving the contracts at issue in this case, and the laws of the state of Delaware govern all matters arising out of or related to the contracts at issue in this case.

## FACTS COMMON TO ALL CLAIMS

9. On or about May 10, 2012, Plaintiff Butler entered into a Unit Purchase and Sale Agreement with Defendants San Diego Pinecone, Ltd., Jeffrey A. Edwards and Tricia A. Edwards for the purpose of selling 334,000 Units of interest in Butler Arms USA, LLC, a Delaware limited liability company.

10. Defendants San Diego Pinecone, Ltd., Jeffrey A. Edwards and Tricia A. Edwards, along with Charter Financial Holdings L.P., a California limited partnership, agreed to purchase the 334,000 Units owned by Butler for the purchase price of $450,000.00 in the aggregate.

11. The purchasers, pursuant to the Unit Purchase and Sale Agreement, agreed to pay $150,000 on the closing date ($50,000 from each purchaser) by check or wire transfer to Butler and deliver at the closing three promissory notes in the aggregate original principal amount of $300,000 ($100,000 from each purchaser).

12. On or about May 10, 2012, in Columbia Falls, Montana, Defendants Jeffrey A. Edwards and Tricia A. Edwards executed a Promissory Note to pay Plaintiff Butler the principal sum of $100,000, plus interest, upon the terms and conditions specified in the Promissory Note.

13. The terms and conditions of the Promissory Note contractually allowed for an interest rate to accrue on any unpaid balance on the Note at a rate of five percent (5%) per annum compounded annually. A payment equal to $50,000 of the principal balance, plus all then accrued in unpaid interest, was due and payable on May 10, 2013. The remaining unpaid balance and all accrued unpaid interest are due May 10, 2014 on the "Maturity Date."

14. As part of the terms and conditions of the Promissory Note, an acceleration provision is provided, making all sums remaining unpaid under the Promissory Note to become immediately due and payable upon any

Event of Default. An "Event of Default" is defined as the borrower's failure to make any payment when due under the Promissory Note.

15. Plaintiff Butler and Defendants Jeffrey A. Edwards and Tricia A. Edwards stipulated and agreed that, if Defendants failed to make any payment of principal or interest, within ten (10) days after the date on which the same is due and payable, Defendants agreed to pay a late charge penalty of twenty percent (20%) of any such past-due payment.

16. On May 10, 2013, Defendants Jeffrey A. Edwards and Tricia A. Edwards failed to make payment of $50,000 of the principal balance plus the accrued interest on the unpaid balance as dictated in the Promissory Note. Defendants Jeffrey A. Edwards and Tricia A. Edwards further failed to make payment of $50,000 of the principal balance plus the accrued interest on the unpaid balance ten (10) days after the date on which it was due and payable on or by May 21, 2013.

17. On or about May 10, 2012 in Columbia Falls, Montana, Defendant San Diego Pinecone, Ltd., by its general partner, San Diego Acorn Enterprises, Inc., entered into a Promissory Note to pay Plaintiff Butler the principal sum of $100,000, plus interest, upon the terms and conditions specified in the Promissory Note.

18. The terms and conditions of the Promissory Note contractually allowed for an interest rate to accrue on any unpaid balance on the Note at a rate of five percent (5%) per annum compounded annually. A payment equal to $50,000 of the principal balance, plus all then accrued in unpaid interest, was due and payable on May 10, 2013. The remaining unpaid balance and all accrued unpaid interest are due May 10, 2014 on the "Maturity Date."

19. As part of the terms and conditions of the Promissory Note, an acceleration provision is provided, making all sums remaining unpaid under the Promissory Note to become immediately due and payable upon any Event of Default. A "Event of Default" is defined as the borrower's failure to make any payment when due under the Promissory Note.

20. Plaintiff Butler and Defendant San Diego Pinecone, Ltd. stipulated and agreed that, if Defendant failed to make any payment of principal or interest, including the final payment due, within ten (10) days after the date on which the same is due and payable, Defendant agreed to pay a late charge penalty of twenty percent (20%) of any such past-due payment.

21. On May 10, 2013, Defendant San Diego Pinecone, Ltd. failed

to make payment of $50,000 of the principal balance plus the accrued interest on the unpaid balance as dictated in the Promissory Note. Defendant San Diego Pinecone, Ltd. further failed to make payment of $50,000 of the principal balance plus the accrued interest on the unpaid balance ten (10) days after the date on which it was due and payable on or by May 21, 2013.

22. On or about May 10, 2012, Defendant Randel L. Perkins entered into a Guarantee Agreement wherein Mr. Perkins contractually agreed to be a personal guarantor to guarantee the San Diego Pinecone, Ltd.'s payment of the Promissory Note. Defendant Perkins further stipulated and agreed that Plaintiff Butler may proceed directly against him, individually, following any default or failure of San Diego Pinecone, Ltd. to pay any amount when due pursuant to the Promissory Note.

### FIRST CLAIM
### (Breach of Contract)

23. Plaintiff realleges and incorporates by reference the allegations of Paragraphs 1-22 above.

24. As part of the bargained-for transfer of Units of interest in Butler Arms USA, LLC, Defendants Jeffrey A. Edwards and Tricia A. Edwards agreed to timely pay $100,000 of unpaid principal and accrued

interest pursuant to the terms and conditions of the May 10, 2012, Promissory Note.

25. Defendants Jeffrey A. Edwards and Tricia A. Edwards failed to make the mandatory $50,000 principal and accrued interest payment owing on May 10, 2013 according to the terms and conditions of the May 10, 2012, Promissory Note.

26. Defendants Jeffrey A. Edwards' and Tricia A. Edwards' failure to timely make the mandatory $50,000 principal and accrued interest payment owing on May 10, 2013, according to the terms and conditions of the May 10, 2012, Promissory note, is a breach of contract.

27. Plaintiff Butler is entitled to the entire $100,000 principal balance of the Promissory Note along with accrued interest as a result of Defendants Jeffrey A. Edwards' and Tricia A. Edwards' breach of contract pursuant to the acceleration clause in the Promissory Note, together with prejudgment interest.

28. Plaintiff Butler is further entitled to a late charge penalty of twenty percent (20%) of the past-due payment as a result of Defendants Jeffrey A. Edwards' and Tricia A. Edwards' breach of contract.

29. As part of the bargained-for transfer of Units of interest in

Butler Arms USA, LLC, Defendant San Diego Pinecone, Ltd. agreed to timely pay $100,000 of unpaid principal and accrued interest pursuant to the terms and conditions of the May 10, 2012, Promissory Note.

30. Defendant San Diego Pinecone, Ltd., failed to make the mandatory $50,000 principal and accrued interest payment owing on May 10, 2013 according to the terms and conditions of the May 10, 2012, Promissory Note.

31. Defendant San Diego Pinecone Ltd.'s failure to timely make the mandatory $50,000 principal and accrued interest payment owing on May 10, 2013, according to the terms and conditions of the May 10, 2012, Promissory note, is a breach of contract.

32. Plaintiff Butler is entitled to the entire $100,000 principal balance of the Promissory Note along with accrued interest as a result of Defendant San Diego Pinecone, Ltd.'s breach of contract pursuant to the acceleration clause in the Promissory Note, together with prejudgment interest.

33. Plaintiff Butler is further entitled to a late charge penalty of twenty percent (20%) of the past-due payment as a result of Defendant San Diego Pinecone, Ltd.'s breach of contract.

## SECOND CLAIM
### (Attorneys' Fees)

34. Plaintiff realleges and incorporates by reference the allegations of Paragraphs 1-33 above.

35. The Promissory Note entered into between Plaintiff Butler and Defendants Jeffrey A. Edwards and Tricia A. Edwards contractually provides for the award of attorney fees and costs for instituting a collection effort following an "Event of Default."

36. Plaintiff Butler has incurred attorney fees and costs as a result of Defendants Jeffrey A. Edwards' and Tricia A. Edwards' breach of contract, resulting in the institution of this collection effort following their "Event of Default."

37. The Promissory Note entered into between Plaintiff Butler and Defendant San Diego Pinecone, Ltd. contractually provides for the award of attorney fees and costs for instituting a collection effort following an "Event of Default."

38. Plaintiff Butler has incurred attorney fees and costs as a result of Defendant San Diego Pinecone, Ltd's breach of contract, resulting in the institution of this collection effort following their "Event of Default."

39. Plaintiff Butler is entitled to recover from Defendants Jeffery A.

Edwards, Tricia A. Edwards, and San Diego Pinecone, Ltd. his attorney fees and costs resulting from instituting this collection effort following Defendants' "Event of Default."

## THIRD CLAIM
### (Enforcement of Guarantee Agreement)

40. Plaintiff realleges and incorporates by reference the allegations of Paragraphs 1-39 above.

41. As part of the bargain between Plaintiff Butler and Defendant San Diego Pinecone Ltd., Defendant Randel L. Perkins, as a direct interest owner of San Diego Pinecone Ltd, contractually agreed and stipulated to be a personal guarantor to pay all amounts due to Plaintiff Butler under the Promissory Note between Plaintiff Butler and Defendant San Diego Pinecone, Ltd., by entering into a Guarantee Agreement.

42. Defendant Randel L. Perkins, by and through entering into the Guarantee Agreement, expressly waived demand of payment, presentment, protest, notice of dishonor, nonpayment or nonperformance on any obligation of San Diego Pinecone Ltd. set forth in the Promissory Note. Defendant Randel L. Perkins also contractually waived any and all defenses of San Diego Pinecone Ltd. pertaining to the Promissory note except for the defense of discharge by payment.

43. Defendant Randel L. Perkins, by and through entering into the Guarantee Agreement, contractually agreed and stipulated that Plaintiff Butler may proceed directly against Defendant Randel L. Perkins following the default or failure of San Diego Pinecone Ltd. to pay any amount when due pursuant to the Promissory note. Plaintiff Butler is not required to first seek any enforcement of the Promissory Note against San Diego Pinecone Ltd. prior to seeking payment from Defendant Randel L. Perkins.

44. Plaintiff Butler is contractually entitled to seek payment of all amounts due to Plaintiff Butler pursuant to the terms and conditions of the Promissory Note from Defendant Randel L. Perkins, together with prejudgment interest for Defendant San Diego Pinecone, Ltd.'s breach of contract.

**WHEREFORE**, Plaintiff prays for the following relief:

1. For damages from Defendants for breach of contract;
2. For reasonable attorneys' fees and costs contractually provided and agreed to by the parties as determined by the Court; and
3. Such other and further relief as the Court deems just and proper.

//
//

DATED this 25th day of June, 2013.

By: /s/ Liesel D. Shoquist
Liesel D. Shoquist

MILODRAGOVICH, DALE
& STEINBRENNER, P.C.
*Attorneys for Plaintiff*

## DEMAND FOR JURY TRIAL

COMES NOW Plaintiff Lawrence V. Butler and demands a jury trial on all issues of fact in the above case.

DATED this 25th day of June, 2013.

By: /s/ Liesel D. Shoquist
Liesel D. Shoquist

MILODRAGOVICH, DALE
& STEINBRENNER, P.C.
*Attorneys for Plaintiff*

13236/2(sah)
L:\worldox\DOCS\CLIENTFL\13236\002\CMP\00433443.WPD